Filed 2/26/16  P. v. Sills CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063671 |
| v. | (Super.Ct.No. FVI1401813) |
| GUY SILLS, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, judge.  Affirmed.

Kevin Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

1

Pursuant to a plea agreement, defendant and appellant Guy Sills pled guilty to one count of unlawful driving or taking of a vehicle. (Veh. Code, § 10851, subd. (a).) Subsequently, California voters enacted Proposition 47, the Safe Neighborhoods and Schools Act, which among other things established a procedure for specified classes of offenders to have their felony convictions reduced to misdemeanors and be resentenced accordingly. (Pen. Code,[1] § 1170.18.) Defendant filed a petition for resentencing, pursuant to Penal Code section 1170.18. A court found him ineligible for relief and denied the petition. Defendant now appeals, arguing that the court erred in finding him ineligible, and that the failure to apply Proposition 47 violated equal protection. We direct the trial court to dismiss count 2 and other allegations. Otherwise, we affirm.

PROCEDURAL BACKGROUND

On May 16, 2014, defendant was charged by felony complaint with the unlawful driving or taking of a vehicle. (Veh. Code, § 10851, subd. (a), count 1) and receiving stolen property (Pen. Code, § 496, subd. (a), count 2). The complaint also alleged that he had served five prior prison terms. (Pen. Code, § 667.5, subd. (b).)

On May 28, 2014, defendant entered a plea agreement and pled guilty to count 1. In accordance with the agreement, the court sentenced him to 16 months in county prison.

On April 22, 2015, defendant filed a Proposition 47 petition for resentencing to have his felony in count 1 designated as a misdemeanor. (§ 1170.18.) On May 15, 2015,

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

the court found that defendant's offense did not qualify for resentencing under Proposition 47 and denied the petition.

## ANALYSIS

### The Court Properly Denied Defendant's Petition

A. *Relevant Law*

On November 4, 2014, voters enacted Proposition 47, and it went into effect the next day. (Cal. Const., art. II, § 10, subd. (a).) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) "Proposition 47 also created a new resentencing provision: section 1170.18. Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47." (*Id.* at p. 1092.)

As relevant to the present case, Proposition 47 added section 490.2, which provides as follows: "Notwithstanding Section 487 or any other provision of law defining grand theft, obtaining any property by theft where the value of the money, labor, real or personal property taken does not exceed nine hundred fifty dollars ($950) shall be considered petty theft and shall be punished as a misdemeanor, . . . (§ 490.2, subd. (a).)

3

Section 490.2 is explicitly listed in section 1170.18 as one of "those sections [that] have been amended or added" by Proposition 47. (§ 1170.18, subd. (a).)

B. *Defendant Was Ineligible for Relief*

At the outset, we note that Penal Code section 1170.18 does not identify Vehicle Code section 10851, the offense to which defendant pled guilty, as one of the Penal Code sections amended or added by Proposition 47. (Pen. Code, § 1170.18, subd. (a).) Nonetheless, defendant argues that he was still eligible for relief because Penal Code section 1170.18, subdivision (a), refers to Penal Code section 490.2 (petty theft). He reasons that, since Penal Code section 490.2 includes all thefts of items with a value under $950, including vehicle thefts, "an individual convicted of obtaining a vehicle with a value of less than $950 is entitled to resentencing on that charge."

Even if we were to assume that section 490.2 applied as defendant would have it, he would still not be entitled to relief. "[A] petitioner for resentencing under Proposition 47 must establish his or her eligibility for such resentencing." (*People v. Sherow* (2015) 239 Cal.App.4th 875, 878 (*Sherow*).) To establish eligibility for resentencing under section 1170.18, defendant had the initial burden of showing that the value of the vehicle was less than $950. The record of conviction does not establish this fact, as he entered a guilty plea. Furthermore, defendant never stated in the petition the vehicle was valued at less than $950, nor did he provide any supporting documentation. Defendant simply failed to meet his burden of proof.

4

Defendant claims that *the prosecution* must bear the burden of proof that the value of the property exceeded $950. However, his argument and the authorities he cites are based on the prosecutor's burden of proof in the *initial prosecution* for an offense. (See *Sherow*, *supra*, 239 Cal.App.4th at p. 880.) The resentencing provisions of Proposition 47 "deal with persons who have already been proved guilty of their offenses beyond a reasonable doubt." (*Ibid*.) Contrary to defendant's claim, the prosecution does not have the burden to prove a defendant is *not* eligible for resentencing. Rather, the burden is on the petitioner to prove that he is eligible for the resentencing he is requesting. (*Id*. at p. 878.)

Defendant further argues that neither he nor the prosecution was given the opportunity to submit proof on valuation because the trial court ruled as a matter of law that a conviction under Vehicle Code section 10851 did not qualify for relief under Proposition 47. However, as explained in *Sherow,* "'"[a] party has the burden of proof as to each fact the existence or nonexistence of which is essential to the claim for relief or defense he is asserting."'" (*Sherow*, *supra*, 239 Cal.App.4th at p. 879.) The *Sherow* court held that the petitioner had the burden of establishing eligibility for resentencing under Proposition 47. (*Id*. at p. 878.) *Sherow* concluded that the lower court properly denied the defendant's Proposition 47 petition because it contained no facts or explanation how the value of the items taken were less than $950. (*Id*. at pp. 877, 880-881.) Like the defendant in *Sherow*, defendant here failed to establish eligibility,

specifically that the vehicle was valued under $950. Thus, the trial court properly denied his petition.

C. *Defendant Has Not Shown an Equal Protection Violation*

Finally, defendant argues that, assuming the Proposition 47 voters intended to only reduce vehicle thefts under Penal Code section 487, subdivision (d)(1), to misdemeanors through Penal Code section 490.2, while leaving Vehicle Code section 10851 violations as felonies, such discrimination is impermissible under the equal protection clause of the United States Constitution and the California Constitution. The problem is that defendant has not demonstrated that his conviction under Vehicle Code section 10851 places him in a class of persons similarly situated to those who receive relief under Proposition 47. (See *Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253 ["'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.'"].)

Assuming arguendo that stealing a vehicle worth less than $950 would be a misdemeanor petty theft under Proposition 47 (§§ 490.2, 1170.18), defendant has failed to demonstrate that he was similarly situated, since he has not shown that the vehicle taken here was worth less than $950. The record of conviction showed only that he "did unlawfully drive and take a certain vehicle, to wit, 1992 Honda Accord . . . ." Defendant did not attach to his petition for resentencing any evidence of the "value of the . . .

6

personal property taken." (§ 490.2.)  Therefore, he has failed to establish an equal protection violation and has shown no error in the denial of his petition for resentencing.

## II.  The Trial Court Neglected to Dismiss Count 2 and Other Allegations

Although not raised by the parties, we note an apparent clerical error.  Generally, a clerical error is one inadvertently made.  (*People v. Schultz* (1965) 238 Cal.App.2d 804, 808.)  Clerical error can be made by a clerk, by counsel, or by the court itself.  (*Ibid.* [judge misspoke].)  A court "has the inherent power to correct clerical errors in its records so as to make these records reflect the true facts."  (*In re Candelario* (1970) 3 Cal.3d 702, 705.)

In this case, the court neglected to dismiss count 2 and the five prior prison allegations.  The plea agreement stated that defendant would plead guilty to the unlawful driving or taking of a vehicle (count 1), in exchange for a specified term.  He pled guilty to count 1, but the court did not dismiss the remaining count and allegations.  Nonetheless, the minute order states that the court ordered count 2 and the other allegations dismissed, on motion of the People.  Neither party mentioned the court's failure to dismiss the remaining count and allegations, below or on appeal.  Thus, the record indicates that the parties intended those allegations and count to be dismissed.  It is evident the court's failure to order the dismissal was inadvertent.  Accordingly, in the interest of clarity, we will direct the trial court to dismiss count 2 and the allegations under sections 667.5, subdivision (b).

## DISPOSITION

The trial court is directed to order the dismissal of count 2 and the allegations

under sections 667.5, subdivision (b).  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

MILLER
J.

CODRINGTON
J.

8